UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NABIL SALAMEY, et al.,

       Plaintiffs,                           Case No. 23-10630
v.                                          Hon. Jonathan J.C. Grey

HOUSSAM SALAMI, et al.,

       Defendants.
_____/

**OPINION AND ORDER ON CARTER'S
PROPOSED BILL OF COSTS (ECF No. 68)**

This matter is before the Court on Defendant Carter-Jones Companies, Inc.'s ("Carter") proposed bill of costs. (ECF No. 68.) Plaintiffs filed an objection to the proposal. (ECF No. 69.) Carter subsequently filed a reply. (ECF No. 70.) Finding a decision on the briefs appropriate, the Court dispenses with oral argument on the bill of costs pursuant to E.D. Mich. LR 7.1(f).

I.    BACKGROUND

Carter filed a proposed Bill of Costs listing three charges: (1) $402.00 for the notice of removal filing fee; (2) $55.71 for copies of deed, mortgage, and lien; and (3) $4,187.76 in deposition transcript fees. (ECF

No. 68, PageID.1699.) Plaintiffs only object to the deposition transcript fees. (ECF No. 69, PageID.1719.)

The deposition transcript fees at issue are as follows: (1) $1,030.20 for depositions of Plaintiffs Nabil and Sonia Salamey; (2) $71.05 for a copy of the deposition transcript of Bahiya Fawaz; (3) $83.64 for a copy of the deposition transcript of Tom Cappuso; (4) $201.99 for a copy of the deposition transcripts of Juan Hernandez and Ali Sayed-Kassem; (5) $74.81 for a copy of the deposition transcript of Ion Zalischi; (6) $784.70 in fees related to the deposition of Defendant Houssam Salami; (7) $153.70 for the deposition of Defendant Dan Atchison; (8) $278.40 for the deposition of Hanadi Salami; (9) $213.00 for the deposition of Adam Lombard; (10) $174.63 for the deposition of Mohamed Hamood; (11) $173.33 for the deposition of David Ciochetto; and (12) $948.31 for the depositions of Talal Allen Jawad and Ahmed Al-Bayati. (ECF No. 68, PageID.1702, 1706–1716.)

## II.  STANDARD

Under Fed. R. Civ. P. 54(d)(1), costs "should be allowed to the prevailing party." Taxable costs are listed in 28 U.S.C. § 1920, and they include "[f]ees for printed or electronically recorded transcripts

2

necessarily obtained for use in the case." The costs associated with obtaining deposition transcripts, including court reporter fees, fall within this category of taxable costs.

As the Sixth Circuit has stated, "[o]rdinarily, the costs of taking and transcribing depositions reasonably necessary for the litigation are allowed to the prevailing party. Necessity is determined as of the time of taking, and the fact that a deposition is not actually used at trial is not controlling." *Sales v. Marshall*, 873 F.2d 115, 120 (6th Cir. 1989). "It is generally understood that 'a deposition may be reasonably necessary if it is used in connection with a successful motion for summary judgment.'" *Charboneau v. Severn Trent Labs., Inc.*, No. 04-CV-116, 2006 WL 897131, at *3 (W.D. Mich. Apr. 6, 2006) (quoting *Kaimowitz v. Howard*, 547 F. Supp. 1345, 1353 (E.D. Mich. 1982), *aff'd*, 751 F.2d 385 (6th Cir. 1984)). However, there is no requirement that depositions be submitted as evidence in order for the transcripts to be taxable as costs. *See Haagen-Dazs Co. v. Double Rainbow Gourmet Ice Creams, Inc.*, 920 F.2d 587, 588 (9th Cir. 1990).

## III.  ANALYSIS

When plaintiffs either initiated or relied on the depositions in defending the motions for summary judgment, they cannot claim they were unnecessary. *See Irani v. Palmetto Health*, No. 14-CV-3577, 2016 WL 3922329, at *3 (D.S.C. July 21, 2016) ("Having been the party who noticed these depositions, Plaintiff cannot . . . argue the depositions themselves were unnecessary."); *Kaimowitz*, 547 F. Supp. at 1353 (finding that there was "a reasonable need" for the defendants to depose individuals listed as witnesses by the plaintiff).

Considering the foregoing principles, the Court finds the following depositions were necessarily obtained for use in the case: (1) Plaintiffs Nabil and Sonia Salamey; (2) Houssam Salami; (3) Dan Atchison: (4) Handai Salami; (5) Adam Lombard; (6) Mohamed Hamood; and (7) David Ciochetto; (8) Talal Allen Jawad; and (9) Ahmed Al-Bayati. These depositions were all used in either plaintiffs' response to defendants' summary judgment motions or by a defendant in their motion for summary judgment.

The Court cannot find that the depositions of (1) Bahiya Fawaz; (2) Tom Cappuso; (3) Juan Hernandez; (4) Ali Sayed-Kassem; and (5)

Ion Zalischi were necessarily obtained for use in this case. Carter states that it only noticed the depositions of plaintiffs, but it is unclear if the aforementioned five depositions were instigated by plaintiffs or one of Carter's co-defendants.

It is unclear who noticed these five depositions and how they were relevant to the instant case. Further, the five depositions were not used in support of any of the relevant motions for summary judgment. On the current record, the Court cannot find that these five depositions were necessary to the litigation. Consequently, the Court subtracts $431.49 in deposition fees from the costs sought by Carter and finds that Carter is entitled to a total of $4,213.98 in costs.

### IV. CONCLUSION

For the reasons stated above, Carter is **ENTITLED** to a total award of $4,213.98. The Clerk of the court is **DIRECTED** to tax costs in the amount of $4,213.98 in favor of Carter.

<u>s/ Jonathan J.C. Grey</u>
Jonathan J.C. Grey
Dated: April 15, 2025     United States District Judge

5